UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

EDEN V. BARBER,

         Plaintiff,

    v.

SOMAL LOGISTICS LTD. and JATINDER S.
SOMAL,

         Defendants.

**DECISION AND ORDER**

20-CV-854S

## I.  INTRODUCTION

In this action, Plaintiff Eden Barber, a New York citizen, seeks damages from Defendants Somal Logistics Ltd. and Jatinder S. Somal (collectively, "the Somal defendants") for injuries she suffered as a result of a motor vehicle accident on April 20, 2018. Plaintiff now seeks permissive joinder of two additional defendants against whom she previously commenced an action in New York State court for injuries she suffered in another motor vehicle accident on January 9, 2019. Because joinder of these defendants would destroy the diversity of the parties, Plaintiff also seeks remand to state court. The Somal defendants oppose Barber's motion. For the following reasons, Plaintiff's motion will be granted.

## II.  BACKGROUND

This case arises out of a motor vehicle collision between Plaintiff and Jatinder Somal on the New York State Thruway on April 20, 2018. (Docket No. 1-1 at p.3.)  On May 22, 2020, Plaintiff filed a summons and complaint against the Somal defendants in New York State Supreme Court, Erie County, alleging that Defendants' negligence

1

caused both the collision and her injuries, including an injury to her neck. (Complaint, Docket No. 1-1 at pp. 3-6.)

On July 9, 2020, the Somal defendants timely removed the action here. (Docket No. 1.) The basis for removal jurisdiction is diversity of citizenship between Plaintiff, a citizen of New York, and the Somal defendants. Defendant Jatinder S. Somal is a citizen of Canada, and Defendant Somal Logistics LTD is a Canadian corporation. (Docket No. 1 at p. 2.)

On May 26, 2020, four days after commencing her state-court action against the Somal defendants, Plaintiff filed a summons and complaint in New York State Supreme Court, Erie County, against Ian and Patrice Nash for damages resulting from a separate motor vehicle accident between Plaintiff and Ian Nash on Main Street in Amherst, New York, on January 18, 2019. (Docket No. 4-12 at pp. 2-6.) Plaintiff alleged that the Nash defendants' negligence caused both the collision and her injuries. (Id.)

In the motion before this Court, Plaintiff seeks to amend her complaint to join Ian and Patrice Nash as defendants in the present case. She argues that this Court should exercise its discretion and permit joinder because the extent to which each accident caused her neck injuries is a factual question central to both actions, making the two actions part of the same series of occurrences, and sharing common questions of law and fact. The Somal defendants oppose Plaintiff's motion, arguing that Plaintiff seeks to join the Nash defendants only to defeat diversity and secure remand to state court, her preferred forum. The parties appear to agree that Ian and Patrice Nash are citizens of New York State, and that joining them as defendants would destroy diversity. For the following reasons, this Court will grant Plaintiff's motion.

2

### III.  DISCUSSION

Plaintiff seeks to join Ian and Patrice Nash as defendants pursuant to Rule 20(a)(2) of the Federal Rules of Civil Procedure. She also asks for remand to state court, because the joinder of non-diverse defendants will destroy this Court's subject-matter jurisdiction. The Somal defendants oppose Plaintiff's motion.

### A.    Amendment and Permissive Joinder

Rule 15 of the Federal Rules of Civil Procedure provides that leave to amend pleadings "shall be freely given when justice so requires." Rule 20 of the Federal Rules of Civil Procedure embodies the federal policy of permissive joinder. The rule reads in pertinent part: "Persons…may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action. Fed. R. Civ. P. 20 (a)(2).

Joinder is generally favored.  "[T]he impulse is toward the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." Gursky v. Nw Mut. Life Ins. Co., 139 F.R.D. 279, 282 (E.D.N.Y. 1991) (quoting United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 724, 86 S. Ct. 1130, 1138, 16 L. Ed. 2d 218 (1966)).

"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). District courts have broad discretion to decide which course of action to take. Briarpatch Ltd., L.P. v. Pate, 81 F.

3

Supp. 2d 509, 515 (S.D.N.Y. 2000).

To decide whether to permit diversity-destroying joinder, courts in this circuit generally apply a two-part test. First, the court must determine whether joinder is permissible under Rule 20(a)(2); then, if so, the court must conduct a "fundamental fairness" analysis to determine whether the balancing of certain factors "weighs in favor of joinder and its necessarily attendant remand." Balfour v. Quest Diagnostics Inc., No. 11 CIV. 4701 JSR, 2012 WL 335666, at *1 (S.D.N.Y. Feb. 1, 2012) (citing McGee v. State Farm Mut. Auto. Ins. Co., 684 F. Supp. 2d 258, 262 (E.D.N.Y. 2009)) (internal quotation marks omitted) (quoting Roll On Express, Inc. v. Travelers Indem. Co. of Conn., No. 09–CV–213 (RLM), 2009 WL 1940731, at *2 (E.D.N.Y. July 2, 2009)). The factors courts consider are: "(1) any delay, and its reasons, in moving to amend; (2) any resulting prejudice to the defendants; (3) the likelihood of multiple litigation; and (4) the plaintiff's motivation in moving to amend." Abraham Nat. Foods Corp. v. Mount Vernon Fire Ins. Co., 576 F. Supp. 2d 421, 424–25 (E.D.N.Y. 2008) (citing Gursky, 139 F.R.D. at 282).

**B.    Joinder is both permissible and fair to the defendants.**

The first question this Court must answer is whether joinder of additional parties is permissible under Rule 20.  Defendants argue it is not, because the two motor vehicle accidents represent two separate "transactions or occurrences" with no common questions of law or fact uniting them. Plaintiff argues that the causation and extent of her neck injury from each accident are questions common to both actions.

Defendants argue that the "select few medical records" Plaintiff submits do not demonstrate that the alleged injuries she sustained are so "inextricably intertwined" as to warrant joinder. (Docket No. 6-7 at p. 5.) Defendants cite a case from the Northern District

4

of California, where the court denied joinder of defendants from two separate car accidents that allegedly contributed to a plaintiff's injuries, finding that the two accidents involved two entirely distinct sets of facts. (Docket No. 6-7 at p. 6, citing Oda v. United States, No. 11 CV 4514, 2012 WL 692409 (N.D. Cal. Mar. 2, 2012).)

But the majority of courts appears to favor joinder of defendants where a plaintiff alleges injuries caused by multiple defendants, finding the injury to the plaintiff arise out of the same series of occurrences. See Gonzales v. Wal-Mart Stores, Inc., No. 2:14-CV-00230-JCM, 2014 WL 2591690, at *5 (D. Nev. May 22, 2014), report and recommendation adopted, No. 2:14-CV-230 JCM NJK, 2014 WL 2591499 (D. Nev. June 10, 2014) (collecting cases, rejecting the holding in Oda, and observing that "[a]t least until a few years ago, it appears to have been a fairly settled point of law that defendants who each contributed separately to a plaintiff's injury could be joined under Rule 20"). In this circuit, this principle was affirmed in Wilson v. Famatex GmbH Fabrik Fuer Textilausruestungsmaschinen, where the court permitted joinder of a physician whose alleged malpractice injured plaintiff's finger after it was crushed by his employer's machinery. 726 F. Supp. 950 (S.D.N.Y. 1989).

Here, Plaintiff submits medical records demonstrating that she experienced neck pain after both accidents. On April 25, 2018, records from Immediate Care indicated that Plaintiff complained of neck pain and was diagnosed with a neck spasm. (Docket No. 4-8 at pp. 2-3.) On July 3, 2018, Orthopedist Zair Fishkin, M.D., opined that Plaintiff had sustained an injury to her spine, including her cervical spine, as a result of the motor vehicle accident. (Docket No. 4-8 at p. 10.) On January 8, 2019, shortly after Plaintiff's second accident, Dr. Reggie Ramachandran diagnosed her with acute neck pain, among

other impairments. (Docket No. 4-10 at p. 7.) Plaintiff includes with her reply papers the answer from the Nash defendants, filed in the state case after she filed the instant motion, in which they assert the affirmative defense that the negligence of a third party caused Plaintiff's injuries. (See Docket No. 7-1 at p. 4.)

This Court finds that Plaintiff has satisfied the requirements for permissive joinder under Rule 20. She asserts a right to relief against both the Somal defendants and the Nash defendants for allegedly causing the injury to her neck. The two motor vehicle accidents constitute a series of occurrences that allegedly contributed to the current condition of Barber's neck. Common questions of fact exist with regard to the cause of her injury, the nature of her injury, and the extent of her damages. Common questions of law exist with regard to the relative liability of the Somal defendants and the Nash defendants as alleged consecutive tortfeasors. See Famatex, 726 F. Supp. at 951; see also Kehr  v. Yamaha Motor Corp., 596 F. Supp. 2d 821, 827-28 (S.D.N.Y. 2008) ("There is no requirement … that all questions of law and fact be *identical* in order for there to be permissive joinder under Rule 20(a). Indeed, the Rule provides for joinder as long as there is *any* question or fact common to all."). Further, permitting joinder of the Nash defendants is the outcome most consistent with the policy of liberal joinder in the Rules. See Gibbs, 383 U.S. at 724 ("Under the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged."). For these reasons, this Court finds that joinder of the Nash defendants is permissible under Rule 20.

Turning  to the fairness inquiry, as to the first factor, Plaintiff did not delay in seeking to join additional defendants. The Somal defendants removed this matter on July 9, 2020,

and Plaintiff moved to amend and join Ian and Patrice Nash on August 10, 2020, one month later. (Docket No. 4.) Defendants concede that Plaintiff's motion to amend is timely. (Docket No. 6-7 at p. 7.) And this Court finds that three months after commencement in state court, and one month after removal to federal court, constitutes minimal delay. Sonn v. Wal-Mart Stores, Inc., No. CV 06-1816 FB JO, 2006 WL 2546545, at *2 (E.D.N.Y. Sept. 1, 2006) (finding that a two-month delay between learning a defendant's identity and moving to join defendant was both minimal and justified). Cf. Nazario v. Deere & Co., 295 F. Supp. 2d 360, 363 (S.D.N.Y. 2003) (noting that plaintiff's unjustified five-month delay after removal to federal court weighed in favor of denying joinder); Juliano v. Toyota Motor Sales, U.S.A., Inc., 20 F. Supp. 2d 573, 576 (S.D.N.Y. 1998) (stating that five months may be an improper delay).

As for prejudice to the Somal defendants, they argue that a trial containing two separate motor vehicle accidents will be overly cumbersome and likely to confuse the jury. (Docket No. 6-7 at p. 8.) But joint trials with their attendant jury instructions are not uncommon nor are they categorically unfair to the joint defendants.  Additionally, this case is in its early stages and no discovery has yet taken place. See Roll On Express Inc., 2009 WL 1940731, at *4 (citing Gursky, 139 F.R.D. at 283). Defendant thus does not demonstrate any significant prejudice that would result from a joint trial.

As to the likelihood of multiple litigation, without joinder, two trials and two outcomes are guaranteed. With joinder, the cases can be consolidated and resolved together. While the Somal defendants argue that this will not necessarily happen upon remand to New York State Court, New York precedent favors consolidation in cases like this. See Gage v. Travel Time & Tide, Inc., 161 A.D.2d 276, 277, 554 N.Y.S.2d 910 (N.Y.

7

App. Div. 1990) (quoting Potter v. Clark, 19 A.D.2d 585, 240 N.Y.S.2d 495 (N.Y. App. Div. 1963) ("if the cases are tried separately each defendant will try to place the blame on the other for all or most of the injuries, and the plaintiffs might not be as completely protected as if they were tried together … One jury hearing all the evidence can better determine the extent to which each defendant caused plaintiff's injuries and should eliminate the possibility of inconsistent verdicts which might result from separate trials.")). Joinder and remand would reduce the chance of multiple litigation and potentially inconsistent outcomes.

As to the question of Plaintiff's motivation, Defendants argue that Plaintiff's efforts to combine her two actions only now that one of them is in federal court—about 3 months after commencing them separately in state court—demonstrates that her only motivation is to defeat diversity jurisdiction and obtain her favored forum. (Docket No. 6-7 at p. 6.) Plaintiff argues that filing related actions separately is a common practice in New York State courts, and that plaintiffs often join defendants or consolidate cases in New York State court when they become aware of common facts and issues.

As discussed above, three months is not an excessive period indicating bad faith. Further, Plaintiff is correct that New York courts favor consolidation of cases like this. To their credit, Defendants acknowledge strong New York precedent favoring resolution of related issues in one trial.  (Docket No. 6-7 at p. 6, citing Nelson v. Noh, 79 A.D.3d 1670 79 A.D.3d 1670, 913 N.Y.S.2d 452 (N.Y. App. Div. 2010) and Gage, 161 A.D.2d at 277). This caselaw suggests that, far from being an exercise in bad faith, Plaintiff is seeking an outcome that is "favored by [New York] courts" and that "should be granted unless the party resisting consolidation demonstrates prejudice to a substantial right." Nelson, 79

A.D.3d at 1670-71. This Court therefore finds no evidence that Plaintiff acted in bad faith by moving to join additional defendants in this matter three months after commencing her actions in state court, and one month after this matter was removed to federal court.

Because joinder is permissible under Rule 20, and because this Court does not find any prejudice to the Somal defendants or bad faith on Plaintiff's part, this Court will grant Plaintiff's motion.

## IV.  CONCLUSION

For the reasons stated above, Plaintiff's motion to join Ian and Patrice Nash as defendants and to remand this matter to New York State court will be granted. The relative responsibility of the Somal defendants and the Nash defendants for Plaintiff's neck injuries, if any, is a question suited to adjudication in a single proceeding and warrants the exercise of this Court's discretion to grant joinder.  This Court finds that, while joinder will destroy diversity and necessitate remand to state court, this will not prejudice the Somal defendants, nor does it reward delay or bad faith on Plaintiff's part.

## V.  ORDERS

IT HEREBY IS ORDERED, that Plaintiff's Motion to join additional defendants and remand this matter to state court (Docket No. 4) is GRANTED.

FURTHER, that Ian and Patrice Nash are JOINED as defendants in this matter.

FURTHER, that the Clerk of Court is DIRECTED to remand Case No. 1:20-CV-854 to the New York State Supreme Court, County of Erie.

FURTHER, that the Clerk of Court is DIRECTED to close this case upon remand to the New York State Supreme Court, County of Erie.

SO ORDERED.

Dated:      May 27, 2021
            Buffalo, New York

                                        s/William M. Skretny
                                        WILLIAM M. SKRETNY
                                        United States District Judge